UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

IN THE MATTER OF THE
COMPLAINT OF KEY WEST JETSKI,
INC. AS OWNER OF A 2025 11'8"
YAMAHA WATERJET POWERCRAFT,
HIN NO. YAMA1040G425, AND
APPURTENANCES,

*Petitioner.*

CASE NO. 4:25-cv-10067-DSL

ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation of United States Magistrate Judge Panayotta Augustin-Birch [ECF No. 34] (the "R&R"), recommending that Claimant's Motion To Stay Limitation Action and Lift Injunction [ECF No. 22] be GRANTED, and that Petitioner's Motion to Compel Arbitration and Stay Proceedings [ECF No. 24] be DENIED. The undersigned referred the motions to U.S. Magistrate Judge Augustin-Birch on January 7, 2026, 2026, for a report and recommendation consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules.  [ECF No. 28]. Petitioner filed timely objections to the R&R on March 3, 2026 [ECF No. 35], and Claimant file a response to those objections on March 9, 2026 [ECF No. 38].  Upon due consideration of the R&R, the motions, the objections, the parties' papers, the relevant portions of the record and the governing law, the Court ADOPTS and AFFIRMS the Report and Recommendation, for the reasons given below.

I.      BACKGROUND

On August 29, 2025, Petitioner filed a Petition for Exoneration from or Limitation of Liability under the Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* (the "Act"). [ECF No

1

1].  The Act "limits the liability of vessel owners who were not in some sense responsible for the specific negligent acts or conditions of unseaworthiness that caused" an accident involving the vessel. *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1304 (11th Cir. 2023).  In its Petition, Petitioner asserts that it is the owner of a 11'18" Yamaha Waterjet Powercraft, HIN No. YAMA1040G425 and Appurtenances (the "Vessel"), which was involved in an accident on or about May 9, 2025.  [ECF No. 1 ¶¶ 3–4, 6].  According to Petitioner, on May 9, 2025, Claimant solely operated the Vessel as part of a jet ski tour, and, during that tour, Claimant purportedly lost control of the Vessel and collided with an anchored vessel.  [*Id.* ¶ 6].

After filing its Petition, Petitioner moved for, and obtained, an Order requiring all persons asserting a claim relating to the May 9, 2025, accident to file their respective claims by October 30, 2025, and enjoining all commencements or further prosecution of any claims relating to the May 9, 2025, accident.   [ECF No. 3; ECF No. 5]. Claimant was the only individual to file a claim by the October 30, 2025, deadline.  [ECF No. 15].  Petitioner then answered Claimant's claim and asserted affirmative defenses.  [ECF No. 20].  After the expiration of the October 30 deadline, Petitioner moved for, and obtained, a Clerk's entry of default against all other potential claimants who had failed to file a claim by October 30, 2025.  [ECF No. 21; ECF No. 29].  Later, Petitioner moved for, and obtained, final default judgment against all other potential claimants who failed to appear.  [ECF No. 30; ECF No. 32].

Two weeks after Petitioner answered Claimant's claim, Claimant moved to stay this limitation action and sought a lift of the Court's injunction against her state-court proceedings arising from the May 9, 2025, accident.  [ECF No. 22].  Petitioner then moved to compel arbitration and stay these proceedings on the same day Petitioner responded in opposition to Claimant's motion.  [ECF No. 24].  In support of Petitioner's motion to compel arbitration, Petitioner filed a declaration which cites to the "Release of Liability, Assumption of Risk, Waiver of Claims, Indemnification & Binding

Arbitration Agreement" (hereinafter, the "Agreement") executed by Claimant on May 9, 2025, before her rental jet ski tour.  [Declaration of Donald Kirkpatrick, ECF No. 24-1 ¶ 4 (citing *id.* at 8–9)].  The Agreement provides in relevant part as follows:

> **Participant… hereby agrees to submit any dispute, claim, or controversy, relating to and/or arising from … Participant's participation in the Activities…, including the determination of the scope or applicability of this agreement to arbitrate, to binding arbitration…. <u>NOTICE TO PARTICIPANT:  By signing this Agreement, you are giving up your right to commence litigation against [Defendant] in a court of law, and you are giving up your right to a trial by jury</u>.**

[ECF No. 24-1 at 9 (emphasis in original)].  Petitioner now seeks to enforce the terms of the Agreement and compel Claimant to engage in arbitration.  [ECF No. 24].  Claimant, however, asks the Court to lift its injunction so she can proceed to litigate her claims against Petitioner in state court.  [ECF No. 22].

In the R&R, Judge Augustin-Birch recommends denying Petitioner's motion to stay and compel arbitration on the grounds that Petitioner waived its right to compel arbitration.  [ECF No. 34 at 3–7].  Further, Judge Augustin-Birch recommends that Claimant's motion to lift the injunction be granted, because Claimant has satisfied the requirements.  [*See id.* at 7–10].  The undersigned agrees with Judge Augustin-Birch on both points.

## II.    STANDARD OF REVIEW OF MAGISTRATE'S REPORT

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1),

and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

### III.    DISCUSSION

#### A.  Petitioner's Objections

Petitioner lodges four objections to the R&R.  [ECF No. 35].  First, Petitioner complains the R&R failed to address the delegation clause in the Agreement.  [*Id.* at 1–3].  Second, Petitioner argues Judge Augustin-Birch erred in finding Petitioner waived its right to compel arbitration.  [*Id.* at 3].  Third, Petitioner argues lifting the injunction is premature at this stage given that it is unclear whether Claimant's stipulations are sufficient to protect Petitioner's interest.  [*Id.* at 3–4].  And, fourth, Petitioner asks the undersigned to exercise its discretion to deny lifting the injunction to determine the enforceability of Claimant's release and waiver.  [*Id.* at 4].  The Court addresses each Objection in turn.

#### 1.   Objection No. 1 is OVERRULED.

Objection No. 1 challenges the R&R's failure to address the "gateway" issue of whether there was a waiver in the first instance.  Here, Petitioner argues the parties agreed to arbitrate the "gateway" issue of whether there has been a waiver under the delegation clause of the Agreement.  [*Id.* at 1–3]. In other words, Petitioner maintains the parties agreed to arbitrate whether Petitioner waived its rights to compel arbitration, and that Judge Augustin-Birch erred by not recommending that issue be referred to arbitration.  Petitioner misreads the delegation clause.

The delegation clause provides: "As a threshold matter, the [Arbitration] Panel shall confirm whether the Waiver and Release contained in this Agreement are enforceable under applicable law." [ECF No. 24-1 at 9].  The waiver referenced here is not whether *Petitioner* waived its right to compel arbitration but whether *Claimant* waived her right to sue under the "Release and Waiver of Claims" section of the Agreement.  [*See id.* at 8 ("The Participant hereby agrees, to the fullest extent permitted

by law… TO WAIVE ALL CLAIMS that he/she has or may have against the Host arising out of the Participant's participation in the Activities or the use of any equipment provided by the Host….") (emphasis in original)].  Because the delegation clause does not require arbitration of *Petitioner*'s waiver of its arbitration rights, Judge Augustin-Birch did not err on this point.

    2.   Objection No. 2 is OVERRULED.

Objection No. 2 takes issue with Judge-Birch's conclusion that Petitioner waived its rights to compel arbitration.  [ECF No. 35 at 3].  The Court finds no error here.  Judge Augustin-Birch concluded Petitioner waived its right to arbitrate "given the totality of Petitioner's actions."  [ECF No. 34 at 4].  Specifically, Judge Augustin-Birch pointed to the fact that (1) Petitioner instituted these proceedings and answered Claimant's claim without invoking its right to arbitrate [*id.* at 4]; and (2) Petitioner moved to compel arbitration only after Claimant had moved to pursue her claims in state court [*id.* at 5].  The undersigned agrees with Judge Augustin-Birch that these facts support a finding of waiver.  The undersigned adds that Petitioner moved for default judgment against all other potential claimants on November 11, 2025—twenty-seven (27) days before asking the Court to compel arbitration against Claimant.  [*See* ECF Nos. 21, 24].  Accordingly, the Court finds no error in Judge Augustin-Birch's conclusion that Petitioner waived its right to arbitrate and affirms the R&R on this point.

    3.   Objection No. 3 is OVERRULED.

Objection No. 3 consists of two sentences which read as follows:  "The Report and Recommendation acknowledged that final default judgment had not been entered at the time Key West Jetski argued against lifting the stay based on Plaintiff's *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996), stipulations, making this a single claimant action. Key West Jetski still contends that the stipulations are insufficient given the issues surrounding arbitration."  [ECF No. 35 at 3–4].  Since Petitioner fails to elaborate on how Claimant's stipulations are "insufficient," the Court

5

overrules this objection.

When analyzing Claimant's Motion to Stay Limitation Action and Lift Injunction [ECF No. 24], Judge Augustin-Birch correctly concluded (1) Claimant satisfied the test for staying a single claimant limitation proceeding and (2) Petitioner's arguments to the contrary were unavailing.  [*See* ECF No. 34 at 8–9].  In her motion, Claimant stipulates as follows:

> Petitioner has the right to litigate, in this United States District Court, the issues of entitlement to exoneration from and limitation of liability, per 46 U.S.C. § 30501, *et. seq. This Court has exclusive jurisdiction over those issues.*
>
> Claimant will not raise the issues of exoneration from and limitation of liability in the state court proceedings.
>
> Claimant waives any and all claims of issue preclusion or res judicata related to the issues of exoneration from or limitation of liability, including but not limited to privity and knowledge, based on any rulings or judgments obtained in the state court case, or in any other forum, with respect to all matters reserved exclusively for determination by this Court.
>
> Petitioner has the right to have this Court determine the value of and Petitioner's interest in the 2025 11'8" Yamaha Waterjet Powercraft, HIN No. YAMA1040G425, and this Court has exclusive jurisdiction to determine those issues.
> Claimant will not seek to enforce any judgment rendered in any state court or any other forum, whether against Petitioner or another person or entity that would be entitled to seek indemnity or contribution from Petitioner, by way of cross-claim or otherwise that would expose the Petitioner to liability in excess of the to be determined limitation fund, until such time as this Court has adjudicated Petitioner's right to limit that liability. If this Court grants Petitioner's limitation, then Claimant will not seek enforcement of any judgment against Petitioner that would require Petitioner to pay damages in excess of the limitation fund. Claimant further stipulates that in the event this Court grants Petitioner's complaint for exoneration from liability, and such exoneration is upheld on all permitted appeals, there will be no recovery from the Petitioner in excess of the limitation fund.

[ECF No. 22 at 3–4 (emphasis in original)].  When evaluating Claimant's stipulations, Judge Augustin-Birch rightly concluded that:

> These stipulations satisfy that Claimant has waived "any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court" and conceded Petitioner's "right to litigate all issues relating to limitation in the federal limitation proceeding." *See Beiswenger Enters. Corp.*, 86 F.3d at 1037; *see also In re Key W. Jetski, Inc.*, 619 F. Supp. 3d 1216, 1219 (S.D. Fla. 2022) (determining that these exact stipulations comply "with the requirements for the single claimant exception of the

6

'Savings to Suitors' Clause'').

[ECF No. 34 at 9].  Accordingly, Judge August-Birch applied the correct legal standard and arrived at the correct conclusion.  Thus, Objection No. 3 is overruled.

    4.   Objection No. 4 is OVERRULED.

Objection No. 4 asks the Court to exercise its discretion to allow briefing on the enforceability of Claimant's waiver and release of her claims under the Agreement, before allowing state-court proceedings to go forward.  [*Id.* at 4 (citing *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1258 (11th Cir. 2014))].  The Court has reviewed the lone authority Petitioner cites in support of Objection No. 4 and concludes that the case contradicts rather than supports Petitioner's argument.  In *Offshore of the Palm Beaches*, the Eleventh Circuit expressly stated:

> [A]s our courts have long observed, this exclusivity of admiralty jurisdiction rubs up against the "saving to suitors" clause, which grants to the district courts original jurisdiction over admiralty cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled."  28 U.S.C. § 1333; *see Lewis* [*v. Leiws & Clark Maribne, Inc.,* 531 U.S. [438,] 448… [(2001)] ("Some tension exists between the saving to suitors clause and the Limitation Act.").  This clause "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." *Beiswenger* [*Enterprises Corp. v. Carletta*]*,* 86 F.3d [1032] 1037 [(11th Cir. 1996)].  The Supreme Court has limited the tension between the Limitation Act and the "saving to suitors" clause by carving out an *exception* when a vessel owner faces only a single claimant.  *See Langnes v. Green,* 282 U.S. 531, 542, 51 S.Ct. 243, 75 L.Ed. 520 (1931) (approving of a district court's conclusion "that, where there was only a single claim, there was no need for the adoption of the peculiar and exclusive jurisdiction of the admiralty court; and that an answer setting up the limitation of liability would give the shipowner the relief to which he was entitled"); *see also Lewis,* 531 U.S. at 451, 121 S.Ct. 993 ("[T]he Courts of Appeals have generally permitted claimants to proceed with their claims in state court where there is only a single claimant, as in *Langnes,* or where the total claims do not exceed the value of the limitation fund, as in *Lake Tankers.*").  In a single claimant case, the district court may, at its discretion, order a stay of the limitation action to allow the claim to be tried in another forum. *See Lewis,* 531 U.S. at 448–51, 121 S.Ct. 993. Before a stay may issue, however, the claimant must enter a series of stipulations that "effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." *Beiswenger,* 86 F.3d at 1038. This bifurcated procedure is far from novel. Indeed, the single claimant exception has been applied for over a century. *See Langnes,* 282 U.S. at 542, 51 S.Ct. 243 (citing *The Lotta,* 150 F. 219, 222 (D.S.C.1907)).

*Offshore of the Palm Beaches,* 741 F.3d at 1258.  Thus, the authority cited by Petitioner supports Judge

7

Augustin-Birch's recommendation in this single claimant case that the injunction be lifted.

Petitioner provided Judge Augustin-Birch with no "authority requiring the Court to" allow briefing on the waiver and release issue. [*See* ECF No. 34 at 10]. The same is true with Objection No. 3, which also fails to cite such authority. The Court therefore does not have before it any basis for bypassing the Eleventh Circuit's directive in *Offshore of the Palm Beaches* in favor of Petitioner's unsupported request. Finally, the Court agrees with Judge Augustin-Birch that "any potential waiver or release of claims" can "be evaluated by the state court or this Court in due time." [*Id.*]. Accordingly, the undersigned finds no error as to Objection No. 4.

## IV.   CONCLUSION

Based on the above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [**ECF No. 34**] is ADOPTED and AFFIRMED and fully incorporated herein.

2. Claimant's Motion [**ECF No. 22**] is **GRANTED**. The Court LIFTS the injunction [ECF No. 6] to allow Claimant to pursue her state-court action against Petitioner, pursuant to the saving to suitors' clause, 28 U.S.C. § 1333, and conditioned upon Claimant's stipulations.

3. The Court STAYS this action pending the determination by the state court of Claimant's common law remedies.

4. Petitioner's Motion [**ECF No. 24**] is **DENIED**.

5. *The Clerk* is DIRECTED to ADMINISTRATIVELY CLOSE this case. The case shall be reopened upon the parties' notification that the limitations issue has become ripe for determination by this Court.

6. Any pending motions are DENIED AS MOOT.

o

**DONE AND ORDERED** in the Southern District of Florida on March 17, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:       counsel of record